**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHARNELL RAIFORD, | : |
| Petitioner, | : Civil No. 14-2512 (JBS) |
| v. | : |
| WARDEN J.T. SHARTLE, | : OPINION |
| Respondent. | : |

**APPEARANCES:**

Sharnell Raiford, *Pro Se*
25346016
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE**, Chief Judge

    Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution, Fairton, New Jersey. On April 21, 2014, he filed this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Docket Item 1). The case was administratively terminated for failure to pay the filing fee (Docket Item 2), but reopened when the filing fee was paid (Docket Item 7). This Court has reviewed the Petition, and for the following reasons, dismisses the case for lack of jurisdiction.

**BACKGROUND**

After pleading guilty to drug and firearm offenses in the United States District Court, Eastern District of Virginia, Petitioner was sentenced on October 27, 2006 to 181 months imprisonment, plus five years of supervised release to follow. (Petition, Docket Item 1, Statement of Case). Petitioner did not appeal his sentence (Petition, ¶ 9). In this petition, he argues that he is "actually innocent" of the drug trafficking charges and firearms charges because he was not "under any investigation for drug trafficking; nor did the officers observe [him] making a drug sale; or attempting to make a drug sale . . . ." (Petition, ¶ 10). He concedes that he is time-barred from filing a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; however, wishes this Court to grant him relief under the "savings clause" of § 2255 (Petition, ¶ 13).

**DISCUSSION**

A. **Standard for *Sua Sponte* Dismissal**

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

**B.   The Petition Must Be Dismissed.**

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (*per curiam*) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

> appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)(citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Court of Appeals for the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed

a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil* and cited by Petitioner, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Here, Petitioner relies on *United States v. Fountain*, 993 F.2d 1136 (4th Cir. 1993). He argues that in *Fountain,* the Fourth Circuit held that a gun possession conviction must be reversed when the underlying drug offense is not a trafficking offense. (Petition, Brief p. 6). Petitioner argues that he was stopped on a traffic violation and the amount of drugs found were "user's amounts." Nonetheless, Petitioner states that he was indicted and pled guilty to possession with intent to distribute 50 grams or more of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. § 924(c).

5

Here, Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate; rather, Petitioner's claim is that he received sentencing "enhancements" which did not appear on the indictment and to which he did not plead guilty (Petition, Brief p. 4-5). This claim is insufficient to fall within the *Dorsainvil* exception as it relates to an argument that Petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied,* --- U.S. ----, 133 S. Ct. 201, 184 L.Ed.2d 102 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (*per curiam*) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of

6

an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted—possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

In other words, the focus of the *Dorsainvil* inquiry is on the penal statute under which the petitioner was convicted. Correspondingly, when a petitioner is convicted of an act that remains a crime, the narrow escape into § 2241 jurisdiction offered by Dorsainvil is unavailable. Had it been otherwise, the direct appellate and § 2255 processes, and the periods of limitation associated with those processes, would automatically be rendered superfluous, since any criminal defendant would be able to challenge his conviction or guilty plea at any time under § 2241, by simply insisting that he pled guilty in error or that he was innocent of the crimes he was convicted of.

Here, Petitioner has not presented any evidence that undermines the Court's confidence in his conviction pursuant to a guilty plea. The claim of "actual innocence" is completely unsubstantiated factually. Moreover, it is clear that all of the claims asserted in the Petition were available to Petitioner at the time of his conviction and could have been asserted in a timely motion under § 2255. Petitioner's claims do not fall within the *Dorsainvil* exception.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Fourth Circuit as Petitioner is clearly time-barred from filing a § 2255 motion. However, this Court's decision to not transfer this case does not prevent Petitioner from seeking leave from the Fourth Circuit to file, should he elect to do so.

## **CONCLUSION**

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate Order will be entered.

                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE, Chief Judge
                                      United States District Court

Dated: **November 21, 2014**